UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TENDER LOVING HEALTH CARE
SERVICES OF NASSAU SUFFOLK,    CIVIL ACTION
LLC, ET AL
                               NUMBER 11-496-FJP-SCR
VERSUS

BAYIT CARE CORPORATION

## ORDER TO AMEND NOTICE OF REMOVAL

Defendant Bayit Care Corporation removed this case asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. In the Notice of Removal the defendant alleged that it is "a corporation organized under the law of New York and domiciled in Nassau County, New York," and that plaintiff "TENDER LOVING HEALTH CARE SERVICES OF NASSAU SUFFOLK, LLC is "limited liability company organized under the laws of the state of New York and domiciled in the Parish of East Baton Rouge, with its address at 5959 S. Sherwood Forest Boulevard, Baton Rouge, Louisiana." Defendant further alleged that Tender Loving Health Care is "a wholly owned subsidiary of plaintiff AMEDISYS, INC." and that Amedisys is "a corporation organized under the laws of Delaware and domiciled at 5959 S. Sherwood Forest Boulevard, Baton Rouge, Louisiana."

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in

accordance with § 1332(a) and (c).[1]

Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[2] Thus, to properly allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[3]

Defendant's jurisdictional allegations are not sufficient to establish diversity jurisdiction. First, the court cannot assume that the states where plaintiff Amedisys and the defendant are "domiciled" is the same state where they have their principal places of business. Diversity jurisdiction is based on

---

[1] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

[2] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[3] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

citizenship, not where the party is domiciled.  Furthermore, the term "domicile" sometimes refers to the state of incorporation.  The better course is to allege the state of which the party is a "citizen" – the term used in § 1332.

Second, because plaintiff Tender Loving Health Care is a limited liability company, the state where it is organized and where is "domiciled" does not determine its citizenship.  If that were true, there clearly would be no diversity jurisdiction in this case: both plaintiff Tender Loving Health Care ("organized" under New York law) and defendant Bayit Care ("organized" under New York law) would be citizens of the state of New York.

Therefore;

IT IS ORDERED that defendant Bayit Care Corporation shall have 14 days to file an Amended Notice of Removal which properly alleges the citizenship of the parties.

**Failure to comply with this order may result in the case being remanded for lack of subject matter jurisdiction without further notice.**

Baton Rouge, Louisiana, July 26, 2011.

                                           _____
                                           STEPHEN C. RIEDLINGER
                                           UNITED STATES MAGISTRATE JUDGE